**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 08 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOE, a minor; KRISTEN D., Guardian ad Litem,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>WILLITS UNIFIED SCHOOL DISTRICT; WILLITS CHARTER SCHOOL; SALLY RULISON; CLINT SMITH,<br><br>        Defendants - Appellees. | No. 10-16786<br><br>D.C. No. 3:09-cv-03655-JSW<br><br>MEMORANDUM[*] |
| JANE DOE, a minor; KRISTEN D., Guardian ad Litem,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>WILLITS CHARTER SCHOOL; SALLY RULISON,<br><br>        Defendants - Appellees,<br><br>  and | No. 10-17880<br><br>D.C. No. 3:09-cv-03655-JSW |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CLINT SMITH; WILLITS UNIFIED
SCHOOL DISTRICT,

Defendants.

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 16, 2012[**]
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Jane Doe, through her guardian ad litem, Kristen D., appeals the district court's summary judgment in favor of Willits Unified School District, Willits Charter School, and Sally Rulison, the Director of the school (collectively "Willits"). Doe's action stems from a sexual relationship between Doe and her high school math and science teacher. After the relationship was made public, Doe filed suit alleging claims under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as well as under state law for negligent hiring and supervision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Although Doe advances multiple grounds for relief, her appeal fails because she is unable to meet a key threshold requirement: that the school's response to the alleged injuries was deliberately indifferent. Damages under Title IX are available only if an official with authority to address the alleged discrimination and institute corrective measures has actual knowledge of the discrimination and fails to adequately respond—i.e., acts with deliberate indifference. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). The test for deliberate indifference is "whether a reasonable fact-finder could conclude that the [school]'s response was clearly unreasonable in light of the known circumstances." *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006) (internal quotation marks and citation omitted). To meet this high standard there must, in essence, be an official decision not to remedy the violation and this decision must be clearly unreasonable. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 649 (1999). Summary judgment is proper when a school's response to the harassment was not clearly unreasonable as a matter of law. Even a showing of heightened negligence is insufficient to prove deliberate indifference. *See Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 411-12 (1997) (discussing deliberate indifference as it applies to § 1983 cases).

Doe argues that during the summer and fall of 2008, the school should have noticed warning signs of an inappropriate relationship. Those warning signs,

however, do not amount to actual notice and, as the district court stated, "[t]here is . . . no admissible evidence that anyone, including Plaintiff's mother, informed the school administration" of some of those warning signs. Construing all the admissible evidence in Doe's favor, she fails to establish either actual knowledge prior to January 8, 2009, or deliberate indifference. Rumors of the teacher favoring Doe in his classes did not reach Rulison until December 2008. In response, Rulison called the teacher and Doe, separately, into her office to make inquiries but both vehemently denied any favoritism or inappropriate relationship.

As soon as Rulison was told of the sexual relationship, on January 8, 2009, she took immediate and appropriate action. She reported the relationship to Child Protective Services and followed up when she did not hear back promptly, contacted the Sheriff, turned the case over to the Willits Police Department, and placed the teacher on mandatory administrative leave. Rulison's response cannot be characterized as deliberately indifferent, and Doe fails to establish that Rulison or the school had actual knowledge of the sexual relationship prior to January 8, 2009. The district court did not err in granting summary judgment.

**AFFIRMED.**